IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER COLLI | ) | |
| | ) | |
| v. | ) | 3-08-CV-1627-P |
| | ) | |
| SOUTHERN METHODIST UNIVERSITY | ) | |
| and RHONDA LEANN ROMPOLA | ) | |

**O R D E R**

Pursuant to the District Court's order of reference filed on August 18, 2009, on October 5, 2009, came on to be heard Plaintiff's Motion to Compel Discovery (Doc. 15), and having considered the relevant pleadings and the statements of counsel and the deposition of Steve Orsini taken on November 12, 2009, the court finds and orders as follows:

Jennifer Colli brought this action against Southern Methodist University (SMU) and Rhonda Leann Rompola, the head coach of SMU's women's basketball team. Her complaint alleges that SMU wrongfully revoked her grant-in-aid scholarship for the 2006-07 academic year, together with claims of promissory estoppel, and intentional infliction of emotional distress, fraud, breach of covenant of good faith and fair dealing, defamation and intentional interference with contractual relations and prospective advantage. She seeks both compensatory and exemplary damages. Plaintiff's Amended Complaint (Doc. 6).

The decision to revoke Ms. Colli's grant-in-aid scholarship was made by Steve Orsini, who assumed the position of SMU's Athletic Director on June 1, 2006. After meeting with her and her family on June 23, 2006, in which the Collis aired complaints which Jennifer and they had with the women's basketball program and following some inquiries made by Orsini, he informed Plaintiff on August 14, 2006, that her grant-in-aid scholarship was being terminated.

Given that the decision to withdraw Plaintiff's athletic scholarship was made by SMU's

athletic director, at the conclusion of the hearing I deferred ruling on her motion to compel until Mr. Orsini's deposition had been taken. His deposition was taken on November 12, 2009, after which I was provided with a copy.

In the first Rule 34 request at issue, Request 87 in Plaintiff's Third Request for Documents and reiterated in her subpoenas *duces tecum* served on SMU, she seeks records of communications from 58 identified individuals which concern activities on its campus involving certain types of relationships and the sale and use of controlled substances. Aside from the highly sensitive nature of the subject matters and the protection afforded to such records by the Family Educational Rights and Privacy Act to records of former and current students at SMU, the dragnet character of the request fails to satisfy the low threshold of relevancy under Rule 26(b)(1). Finally this request is overly broad since it is unlimited in time.

Request 88 seeks a copy of SMU's insurance policy which she admits that she received as part of SMU's Rule 26(a)(1) initial disclosures. Requests 90 and 91 relate to communications between SMU's representatives and its insurer with reference to Plaintiff's claims. These communications are privileged. *See e.g. Metroflight, Inc. v. Argonaut Ins. Co.,* 403 F.Supp. 1195, 1197-98 (N.D. Tex. 1975) and *In re Fontenot,* 13 S.W.3d 111, 114 (Tex.App. - Fort Worth 2000, orig. proceeding).[1]

---

[1] Although Plaintiff includes Request 89 in her motion, she doesn't present any authority as it relates to this request. Further, it appears that SMU has previously disclosed the information which it was required to provide under Rule 26(a)(1)(A)(i). Further, the objections to this request, as drafted, are meritorious. Plaintiff has not advanced any argument in support of her motion as it relates to Request 92. However, it appears that Defendants' designation of experts consists solely of attorneys who will address Plaintiff's request for attorney's fees. *See* Defendants' Designation of Experts (Doc. 22) filed on November 2, 2009.

2

Requests 93, 94 and 95 seek documents concerning Vincent Huntley and communications with him. According to the parties' briefs Huntley was arrested by SMU campus police for a burglary alleged to have occurred at Moody Coliseum on March 29, 2008. *See* Plaintiff's motion at n. 8 and Defendants' response at 8-9. As noted above, Orsini's decision to terminate her grant-in-aid scholarship was conveyed to her on August 14, 2006, approximately 19 months before the alleged burglary. Nor is there any indication that Orsini consulted with or obtained information from Huntley in reaching his decision to not continue Plaintiff's athletic scholarship. These requests do not seek discoverable information. *See* Rule 26(b)(1).

In her second request which is also denominated as Request 95, Plaintiff seeks information regarding the fee arrangement between Defendants and their attorneys of record. As a general rule and as experience indicates, the amounts of time expended by attorneys representing adversaries in litigation are but rarely mirror images of one another. A ruling on this request is more appropriately addressed by the presiding judge at the pretrial conference and therefore I will defer to Judge Solis on this request, and for the reasons stated above

IT IS ORDERED that Plaintiff's motion to compel is denied with the exception of Request 95 (the second) on which I defer to the District Court.

A copy of this order shall be transmitted to counsel for the parties.

SIGNED this 11th day of December, 2009.

WM. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE