UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER COLLI, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 3:08-CV-1627-P |
| SOUTHERN METHODIST UNIVERSITY, a Texas not-for-profit corporation, and RHONDA LEANN ROMPOLA, | § § § § | |
| Defendants. | § § | |

## ORDER

Now before the Court is the Motion for Reconsideration, filed by Defendant Southern Methodist University ("SMU") on August 27, 2010. A Response was filed by Plaintiff Jennifer Colli ("Colli") on September 2, 2010, and a Reply was filed on September 15, 2010. After careful consideration and for the reasons stated below, the Motion is DENIED.

### I. Background

Colli sued Defendants SMU and Rhonda Leann Rompola asserting claims of breach of contract, breach of the duty of good faith and fair dealing, defamation, intentional interference with contractual and prospective advantage, promissory estoppel, and intentional infliction of emotional distress. On August 17, 2010, the Court issued an Order granting in part and denying in part Defendants' Motion for Summary Judgment, leaving Plaintiff's claims for breach of contract and breach of the duty of good faith and fair dealing. The relevant facts are described in detail in that Order. (Ct. Doc. 57.) On August 27, 2010, Defendant SMU filed this motion for reconsideration of the breach of contract and breach of fiduciary duty claims.

## II.    Reconsideration Legal Standard

The Court's prior Order is an interlocutory order, not a final judgment. As such, even though the parties have briefed the motion under Rule 59, the constraints of that rule do not apply. Rather, as Rule 54 recognizes, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir.1981). Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court. *See Livingston Down Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp.2d 471, 475 (M.D. La. 2002). And the standard would appear to be less exacting than that imposed by Rules 59 and 60. *See id.* Even so, considerations similar to those under Rules 59 and 60 inform the Court's analysis. *See id.; see also McLaughlin v. Unum Life Ins. Co. of Am.*, 212 F.R.D. 40, 41 (D. Me. 2002) (discussing the standard for review of an interlocutory order). That is, considerations such as whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification bear upon the Court's review of the motion for reconsideration. *See McLaughlin*, 212 F.R.D. at 41; *also cf. Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (stating a motion to reconsider is not the proper vehicle for rehashing old arguments or raising arguments that could have been presented earlier).

## III.    Analysis

### A. Breach of Contract – Breach of the Student Handbook

Defendant argues that the Student Handbook enlarges SMU's obligations to Plaintiff under the Compliance Manual, and that the Court, in applying the more general of the two contractual provisions, has done so erroneously. (Def.'s Mot. 12.) This argument is unavailing.

3:08-CV-1627-P
Order
Page 2 of 7

The Compliance Manual deals specifically with the nonrenewal or reduction of athletic aid and the processes and procedures in place to do so. The Compliance Manual provides a cross-reference to the governing body for determining whether students have violated of University Rules. (Pl.'s App. Ex. 38 at 71.) Specifically, the Compliance Manual provides that "SMU may decline to renew or reduce athletic aid for any of the following reasons, [including] . . . [c]onduct that violates University rules and regulations (including Student Honor Code) *as determined by the appropriate judicial authority.*" (*Id* (emphasis added).) Thus, the Compliance Manual essentially defers to the "appropriate judicial authority" the process of determining whether student athletes have violated University rules and regulations. Here, that authority is vested in the University Hearing Boards, as stated in this Court's prior order:

> At SMU, the regular student disciplinary authority is vested in the University Hearing Boards, as established under the University Judicial Code (the "Code") section of the Handbook.

(Ct. Order 10 (citing Defs.' Ex. F at 338-397).) And the Southern Methodist University Student Handbook 2006-2007 (the "Handbook") states that *every SMU student* accused of violating institutional regulations retains the right to "a fair hearing before an impartial judiciary body of peers, or an administrative official, whichever is deemed appropriate by the judicial officer, after consultation with the student." (Defs.' Mot. Ex. F at 347, "Student Code of Conduct" §2.08(d).)

In the present case, the cancellation of Colli's scholarship was supported, in part, by a finding that Colli had violated sections 3.05 and 3.14(a) of the Code. (Pl.'s Ex. L at 51.) Thus, when a violation of the Code formed the basis, among other things, for Colli's grant-in-aid nonrenewal, the Code and Handbook became relevant to the processes and procedures afforded to Colli. Colli was entitled to the processes and procedures specific to determining whether she

had in fact violated the Code *in addition to* the procedures set out for cancellation or reduction of her aid as the violations were underlying the nonrenewal. This Court stated:

> This alleged misconduct, however, was never established by either of proper disciplinary authorities as established in the Handbook and the Code. Additionally, it appears that Defendants did not maintain the rights of the accused as established under the Code, as Colli was allegedly not informed of all alternatives and options by a counselor in the Counseling and Testing Center.

(Ct. Order 10-11 (internal citations and quotations omitted).) On this basis, the Court found that a reasonable jury could find a breach on the evidence submitted. Thus, the Court's Order on this claim does not represent a clear error of law as Defendant contends.

## B. Breach of Duty of Good Faith and Fair Dealing

Defendants contend that this Court's Order "purports to create a cause of action" that does not exist under Texas law. (Def.'s Mot. 6.) However, this characterization is disingenuous because: (1) the cause of action for breach of a duty of the duty of good faith and fair dealing already exists under Texas common law, and (2) while the Texas Supreme Court has not extended this claim to a student-university context, it has neither foreclosed such a claim in that context or in the narrow circumstances arising between Colli and SMU. The Court stated that "a reasonable jury could find that Colli's act of reporting these issues created an informal fiduciary relationship whereby SMU was obligated to inform Colli of her alternatives and conduct a proper investigation of these issues" under Texas law. *See Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992), overruled on other grounds, *Subaru of Am. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212 (Tex. 2002) (recognizing "that certain informal relationships may give rise to a fiduciary duty. . . where one person trusts in and relies upon another, whether the relation is a moral, social, domestic or merely personal one," and that "[t]he existence of a confidential relationship is ordinarily a question of fact"). Resolving the problem

**3:08-CV-1627-P**
**Order**
**Page 4 of 7**

of the existence or not of a fiduciary relationship is one of equity, and the circumstances out of which such a relationship arises are "not subject to hard and fast lines." *Texas Bank and Trust Co. v. Moore*, 595 S.W.2d 502, 508 (Tex. 1980). Further, where the Texas Supreme Court has not addressed this particular issue, it is this Court's duty to "determine as best it can, what the highest court of the state would decide." *Transcont. Gas v. Transp. Ins. Co.*, 953 F.2d 985, 988 (5th Cir.1992). Thus, the Court is not creating a cause of action as it already exists under the Texas common law. Rather, the Court recognizes that this common law duty could extend to the unique circumstances between Colli and SMU and declines to foreclose that claim where there is a fact issue regarding whether the relationship of trust and confidence between Colli and SMU was one that could give rise to a fiduciary duty. As stated in the Court's prior Order, only where there is no evidence of a confidential relationship, does it become a question of law. *Crim Truck & Tractor Co.*, 823 S.W.2d at 594.

### B. SMU's Due Process Arguments

Defendant urges the Court to apply the "arbitrary and capricious" standard of review to SMU's decision to discipline and not renew Colli's aid, but that standard and the cases Defendant cites arise in due process claims by students against universities that are state actors. (Def.'s Mot. 7-9.) The relationship between a private school and its student is based in contract; if such were not the case, neither the school nor the student would have a remedy at a private institution in situations where non-performance caused damage. *Southwell v. Univ. of Incarnate Word*, 974 S.W.2d 351, 356 (Tex.App.—San Antonio, 1998, pet. denied).

Defendant's argument that the "remedy for a denial of due process is due process" is also unavailing as Colli is not claiming a due process violation by a state actor but rather is claiming breach of contract by a private university. *See Eiland v. Wolf*, 764 S.W.2d 827, 838 (Tex. App.—

**3:08-CV-1627-P**
**Order**
**Page 5 of 7**

Hous. [1st Dist.] 1989, writ denied) ("[T]he relationship between a private school and its student has by definition primarily a contract basis.")

Defendant's contention that Colli's de novo appeal cured deficiencies in its failure to afford the proper procedures set out by contract is simply unpersuasive. Again, SMU relies on cases arising out of claims that a state actor violated due process. They are simply inapposite and, furthermore, unpersuasive and non-binding on this Court.

Finally, Defendant contends that Colli is recasting a due process claim as one for breach of duty of good faith and fair dealing. Private universities, however, are not state actors as previously stated and are not held to provide their students with the same due process protections as tax-supported institutions, thus Colli would have no due process remedy. *See, e.g., Jansen v. Emory Univ.*, 440 F.Supp 1060, 1062 (D.C. Ga. 1977) (rejecting plaintiffs argument that a private university's reference to "due process" in a bulletin afforded the student the due process protections of a student attending a tax-supported institution); *see also Southwell*, 974 S.W.2d at 356 (stating that a "contractual relationship need not necessarily be logically inferred to exist between a student and a public school because education at such institutions is a benefit bestowed by the state" whereas for a private university student, the remedy for non-performance lies in contract).

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration is DENIED.

**3:08-CV-1627-P**
**Order**
**Page 6 of 7**

**IT IS SO ORDERED.**

Signed this 14th day of February, 2011.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE